## McCORMICK v. GROSS.*

### Sac. No. 716; April 6, 1900.

#### 60 Pac. 858.

Sale.—Where, in an Action for the Purchase Price of certain fixtures, defendant denied the purchase as alleged, and the evidence on such issue was squarely in conflict, a verdict in favor of defendant will not be reversed on appeal.[1]

Sale.—Where, on Trial of an Action for the Purchase Price of fixtures, defendant denied the sale, and testified that he made no claim to the property, and that plaintiff could have it at any time, the fact that, after verdict in his favor, defendant refused to

---

*See 135 Cal. 302, 67 Pac. 766.

[1] Cited in McCormick v. Gross, 135 Cal. 303, 67 Pac. 767, as having disposed of points in the case other than the sole one then before the court.

deliver the property, except on onerous conditions, did not entitle plaintiff to a new trial on the ground that defendant's evidence was a gross irregularity in the proceedings, and that his refusal to deliver was a surprise justifying a new trial.

APPEAL from Superior Court, San Joaquin County.

Action by Margaret McCormick against John E. Gross. From a judgment for defendant, plaintiff appeals. Affirmed.

Louttit & Middlecoff for appellant; Nicol & Orr for respondent.

PER CURIAM.—This is an action to recover $1,000, as the agreed price for the sale of certain property, consisting of buildings, a pair of scales, refrigerator, a cold-storage plant, one tank and frame, etc. The case was tried with a jury, and the verdict was for defendant. From the judgment, and an order denying a new trial, the plaintiff has appealed.

Plaintiff held the lease of certain butcher-shops and the premises pertaining thereto. The defendant was the lessor. The lease was for a period of five years, with the privilege of a further term of five years. It also provided that the lessee should have the right to remove from the premises all improvements placed thereon during the term. She placed certain improvements thereon. It is now claimed that plaintiff sold these improvements to defendant, and this action is brought to recover the purchase price. The evidence as to the sale is squarely conflicting, the agent of plaintiff testifying directly to the sale, and defendant himself testifying to the contrary. His evidence is to the effect that he agreed to give $1,000 for this property if plaintiff gave up possession of the premises at the expiration of the five year term. It also appears that plaintiff held possession thirteen months after the expiration of this term. For this reason he insists there was no sale. We are entirely satisfied upon this condition of the evidence that the question of sale or no sale was a pure question of fact for the jury to decide, and we cannot interfere with the verdict upon that ground.

At the trial defendant testified that he made no claim to the property, and that plaintiff could have it at any time, and that all he asked was to have the plant placed in the condition it was when the lessees took possession. A few days after the verdict was rendered in his favor plaintiff

demanded possession of the property, which demand was refused by defendant, except upon certain conditions, which conditions were somewhat onerous. Thereupon plaintiff moved for a new trial, setting up this demand and refusal as ground therefor, claiming, first, that the conduct of the defendant in giving this evidence before the jury, and then refusing, upon demand, to make good his statements, was a gross irregularity in the proceeding; and, secondly, insisting that his conduct in refusing to deliver up possession of the property upon plaintiff's demand was a surprise to her, which justified a new trial. No authority is cited to support either of these propositions, and we are satisfied that both contentions are unsound. Neither position taken by appellant furnishes a statutory ground upon which to support a motion for a new trial. There is no substantial merit in the appeal, and for the foregoing reasons the judgment and order are affirmed.